IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOHN MICHAEL TEAT, <br><br> Petitioner <br><br> VS. <br><br> TONY HENDERSON, WARDEN,, <br><br> Respondent | NO.  3:07-CV-36(CDL) <br><br> PROCEEDING UNDER 28 U.S.C. §2254 <br> BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner JOHN MICHAEL TEAT has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent TONY HENDERSON, Warden of Philips State Prison, has filed a motion seeking to dismiss this petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #13.  Petitioner TEAT has filed a RESPONSE to the respondent's motion.  Tab #17.

### FACTUAL BACKGROUND

Petitioner TEAT was convicted on January 28, 1998, in Athens-Clarke County at a jury trial on two counts of aggravated assault and one count of theft of a motor vehicle. He was sentenced to a total of fifty years' incarceration. Petitioner timely appealed his convictions and sentences, and they were affirmed on April 23, 1999. *Teat v. State*, 237 Ga. App. 867, 516 S.E.2d 794, cert. denied, (Ga. Sep. 18, 1999). His certiorari application was subsequently denied by the Georgia Supreme Court on September 18, 1999. *Id*.

On November 27, 2001, Petitioner filed a state habeas corpus petition in Mitchell County. After an evidentiary hearing, the petition was denied on February 14, 2005. Petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief was denied by the Georgia Supreme Court on January 17, 2006. His motion for reconsideration was subsequently denied on April 13, 2006.

On April 11, 2007, Petitioner submitted the instant petition for filing, challenging his Athens-Clarke County jury trial convictions. Thereafter, on August 8, 2008, respondent TONY HENDERSON, Warden of Philips State Prison, filed the instant MOTION TO DISMISS arguing that the federal petition was untimely filed.

### LEGAL STANDARD

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

> *(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*
>
> > *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> >
> > *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
> >
> > *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
> >
> > *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

### DISCUSSION

In support of his Motion to Dismiss, respondent HENDERSON contends that petitioner's convictions became final on December 17, 1999, ninety (90) days after the Georgia Supreme Court denied his certiorari application. Respondent next notes that the petitioner had one year in which to file a federal petition or toll the applicable limitations period by filing a state collateral attack. According to the respondent, since the petitioner waited until November 27, 2001 to file his state collateral attack, there was no time left to toll or in which to file a federal petition. As such, respondent HENDERSON concludes that the instant petition is untimely filed and should therefore be dismissed with prejudice.

2

In his response to the instant motion, the only argument that petitioner TEAT offers with regard to the untimely filing of his federal petition involves an assertion that his retained counsel was "hired with adequate time to preserve [the petitioner's] rights under the laws governing the A.E.D.P.A.." In support of this argument, petitioner has attached to his RESPONSE a copy of a grievance letter to the State Bar of Georgia from which the preceding quotation was excerpted.

Having reviewed the above argument by the petitioner, it appears that he seeks to have the lateness of his filing excused on the basis of equitable tolling. Equitable tolling, however, is an extraordinary remedy. A petitioner seeking this remedy must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way of, in this instance, the timely filing of his federal petition. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2006). In this circuit, mere attorney negligence, mistake, or miscalculation of the limitations period is not a basis for equitable tolling. *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). As such, the bare argument that the petitioner retained counsel sufficiently in advance of the applicable deadline is not compelling.

As such, and in view of the above, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totaled seven-hundred-eleven (711) days. This amount of time clearly exceeds the one-year period of limitations. Thus, petitioner TEAT's federal habeas petition was untimely filed. Accordingly, the instant motion to dismiss should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 29th day of OCTOBER, 2008



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE